# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1062V
UNPUBLISHED

| | |
|---|---|
| ELAINE LETIZIA,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 27, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Andrew Gordon Melling*, Burr & Forman LLP, Columbia, SC, *for Petitioner*.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, *for Respondent*.

## RULING ON ENTITLEMENT[1]

On March 15, 2021, Elaine Letizia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome (GBS), resulting from the adverse effects of an influenza (flu) vaccination received on October 2, 2019. Petition at 1. Petitioner further alleges that the vaccination was administered within the United, States, her GBS persisted for more than six months, and neither she, nor any other party, has ever filed any action for Petitioner's vaccine-related injury. Petition at 1, 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 7, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1. Specifically, Respondent "concluded that [P]etitioner's claim satisfies the Table criteria for GBS resulting from a seasonal flu vaccine, with onset occurring between three and forty-two days after vaccination, with no more likely alternative diagnosis and no clear alternative cause." *Id.* at 6. Respondent further agrees that "the scope of damages to be awarded is limited to petitioner's GBS and its sequelae only." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master