# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1062V
UNPUBLISHED

| | |
|---|---|
| ELAINE LETIZIA,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2022<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Andrew Gordon Melling*, Burr & Forman LLP, Columbia SC, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 15, 2021, Elaine Letizia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain Barre Syndrome (GBS) resulting from adverse effects of an influenza (flu) vaccination received on October 2, 2019. Petition at 1. Petitioner further alleges she received the vaccination within the United States, experienced symptoms of GBS more than three days after, and within forty-two days of vaccination, that she suffered the residual effects or complications of his illness for more than six months, and neither Petitioner, nor any other party, has ever filed any action for Petitioner's vaccine-related injury. Petition at 1, 7. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 27, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On December 29, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Proffer at 1-2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $311,646.77, representing compensation for life care expenses expected to be incurred during the first year after judgment ($13,746.00), pain and suffering ($238,000.00), and past unreimbursable expenses (59,900.77) in the form of a check payable to Petitioner, Elaine Letizia.**

2. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, beginning with compensation for Year Two (on the first anniversary of the date of the judgment) and all subsequent years, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ELAINE LETIZIA,<br><br>                   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                   Respondent. | No. 21-1062V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 15, 2021, Elaine Letizia ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered an injury pursuant to the Vaccine Injury Table, namely Guillain Barré Syndrome ("GBS") resulting from an influenza vaccination that she received on October 2, 2019. ECF No. 1 at 1.

On January 7, 2022, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that compensation under the Vaccine Act is appropriate in this case. ECF No. 24.

On January 27, 2022, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to compensation, and a Damages Order. ECF Nos. 25-26.

**I.      Items of Compensation**

      **A.      Life Care Items**

Respondent engaged a life care planner to provide an estimation of petitioner's future vaccine injury-related needs. For the purposes of this proffer, the term "vaccine injury" is as described in respondent's Rule 4(c) Report. All items of compensation identified in the life care

plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Elaine Letizia, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

  B.  Pain and Suffering

Respondent proffers that petitioner should be awarded $238,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  C.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $59,900.77. Petitioner agrees.

**II.**  **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

  A. A lump sum payment of $311,646.77, representing compensation for life care expenses expected to be incurred during the first year after judgment ($13,746.00), pain and suffering ($238,000.00), and past unreimbursable expenses ($59,900.77) in the form of a check payable to petitioner, Elaine Letizia.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Elaine Letizia, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respondent proffers that a four percent (4%) growth rate should be applied to all life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Elaine Letizia, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Elaine Letizia's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Elaine Letizia:    **$311,646.77**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

4

                                                        <u>/s/Naseem Kourosh</u>  
                                                        NASEEM KOUROSH  
                                                        Trial Attorney  
                                                        Torts Branch, Civil Division  
                                                        U.S. Department of Justice  
                                                        P.O. Box 146  
                                                        Benjamin Franklin Station  
                                                        Washington, D.C. 20044-0146  
Dated: December 29, 2022               Telephone: (202) 305-1159

**Appendix A:  Items of Compensation for Elaine Letizia**

| ITEMS OF COMPENSATION | G.R. | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Years 6-Life |
|---|---|---|---|---|---|---|---|---|
| | | | 2022 | 2023 | 2024 | 2025 | 2026 | 2027-Life |
| Medicare Part B Deductible | 4% | | 226.00 | 226.00 | 226.00 | 226.00 | 226.00 | 226.00 |
| Home Care | 4% | M | 13,520.00 | 14,120.00 | 14,696.92 | 15,251.66 | 25,437.63 | 29,120.00 |
| Pain and Suffering | | | 238,000.00 | | | | | |
| Past Unreimbursable Expenses | | | 59,900.77 | | | | | |
| Annual Totals | | | 311,646.77 | 14,346.00 | 14,922.92 | 15,477.66 | 25,663.63 | 29,346.00 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($13,746.00), pain and suffering ($238,000.00), and past unreimbursable expenses ($59,900.77): $311,646.77.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rate indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.